# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HODGES | : | |
| 3650 Chloe Lane | | |
| Nashport, Ohio 43830 | : | |
| Plaintiff, | : | CASE NO. 2:23-cv-3341 |
| v. | : | JUDGE |
| ORANGE TOWNSHIP FIRE DEPT. | : | MAGISTRATE JUDGE |
| 7700 Gooding Boulevard | | |
| Delaware, Ohio 43015 | : | |
| Defendant. | : | |

## COMPLAINT
**(With Jury Demand)**

NOW COMES Plaintiff John Hodges and proffers this Complaint for damages against Defendant Orange Township Fire Dept.

## THE PARTIES

1. Plaintiff is a natural person residing in Muskingum County, Ohio.

2. Defendant is a services department of an Ohio Township located in Delaware County, Ohio.

## JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant is located in Delaware County, Ohio, and all of the events in question took place in Delaware County, Ohio.

## FACTUAL BACKGROUND

5. Plaintiff worked for Defendant from June 24, 2004, eventually being promoted by Defendant to Lieutenant on November 21, 2011, and then Captain on December 4, 2017.

6. Defendant discharged Plaintiff on December 9, 2019.

7. Defendant timely grieved his December 9, 2019, discharge, and was eventually reinstated after prevailing in arbitration.

8. In January 2008, Defendant illegally terminate female firefighter, Raechel Peters (fka Sterud) as a result of discrimination and retaliation.  Plaintiff was a witness both during the Ohio Civil Rights Commission ("OCRC") investigation and in court, in support of Peters' claims.  The OCRC found probable cause.  Ms. Peters sued Defendant and prevailed on her claims, winning a verdict of approximately $1.75 million.

9. Ms. Peters filed yet another well-founded Charge of Discrimination with the OCRC against Defendant in 2019, and Plaintiff also was a witness in support of Peters' claims in that matter.

10. Throughout his employment with Defendant, Plaintiff performed all of the duties of the positions he held, consistently received excellent responses to regarding that performance, and was promoted up through the ranks, eventually being fired as a Captain.

11. On September 26, 2019, the OCRC found probable cause in Ms. Peters's 2019 Charge of Discrimination,

12. On November 21, 2019, the day before the OCRC issued its Letter of Determination and Conciliation related to Peters' 2019 Charge of Discrimination, Defendant issued notice of disciplinary action to that eventually resulted in Defendant discharging Plaintiff on December 9, 2019.

13. On November 6, 2020, Defendant's discharge of Plaintiff was determined to be without just cause by an Arbitrator of the Federal Conciliation and Mediation Service. The Arbitration Award specified the remedy as "make whole" including but not limited to immediate reinstatement to the position of Captain.

14. After exhausting significant efforts to avoid reinstating Plaintiff to employment, Defendant finally returned Plaintiff to his Captain position on or about September 22, 2022.

15. As of this date, Defendant has yet to pay any of the lost wages and benefits due Plaintiff under the "make whole" Arbitration Award.

16. On or before October 1, 2020, Plaintiff filed a timely Charge of Discrimination alleging retaliation for opposing unlawful discrimination as the reason for his discharge.

17. On or about July 16, 2023, Plaintiff received a Determination and Notice of Rights from the Equal Employment Opportunity Commission regarding the aforementioned Charge.

## COUNT I
### RETAILIATION FOR OPPOSING SEX DISCRIMINATION
### 42 U.S.C. § 2000e et seq.

18. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-17 above as if fully rewritten here.

19. Defendant violated 42 U.S.C. § 2000e-3(a) by retaliating against Plaintiff for his support and testimony regarding Peters' clams of sex-based discrimination.

20. Defendant's violation of 42 U.S.C. § 2000e-3(a) entitle Plaintiff, pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a, to monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $250,000.00\.

## COUNT II
## RETAILIATION FOR OPPOSING SEX=BASED DISCRIMINATION
## ORC 4201.01, et seq.

21. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-20 above as if fully rewritten here.

22. Defendant violated ORC 4112.02(I) by retaliating against Plaintiff for his support and testimony regarding Peters' clams of sex-based discrimination.

23. Defendant's violation of ORC 4112.2(I) entitle Plaintiff, pursuant to ORC 4112.99(A), to monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $250,000.00\.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00; and,

for Count II, monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Karen L. Poling
Karen L. Poling (0069417)
Trial Attorney for Plaintiff
5354 Cemetery Road
Hilliard, Ohio 43026
Ph.|: (614) 771-6000
Fax: (614) 319-7569
*karen@karenpolinglaw.com*

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Co-Counsel for Plaintiffs
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
Ph.: (614) 808-1881
Fax: (614) 334-5107
*greeve@reevelaw.net*